UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMPRESS CANDACE SPENCER-DEY, | ) | Case No. 1:16 CV 1226 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| VINCE RUFFA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

*Pro se* Plaintiff Empress Candace Spencer-Dey has filed this civil action against Defendant Vince Ruffa. Her complaint is incomprehensible. She appears to complain about a traffic ticket she received on July 27, 2015, in Broadview Heights, Ohio, but her complaint does not set forth coherent allegations as to specific wrongful conduct of Mr. Ruffa, or any legal claim against him that is intelligible to the Court. The Plaintiff's complaint consists entirely of an incomprehensible amalgam of legal conclusions and rhetoric, and she does not seek any specific relief other than a "default judgment." The Plaintiff has also filed two motions for summary judgment, which likewise consist entirely of incomprehensible statements and rhetoric and fail to identify plausible legal claims on which she might be entitled to relief against Mr. Ruffa. (Doc. Nos. 3, 4.)

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs are still required to meet basic pleading requirements and a court is not required to conjure allegations on her behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th

Cir. 2001). Federal courts are courts of limited jurisdiction, and "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

The Plaintiff's allegations are so incoherent, implausible and unsubstantial that they do not provide a basis to establish this Court's subject matter jurisdiction. Accordingly, this action is dismissed in accordance with the Court's authority established in *Apple v. Glenn*. The Plaintiff's motions for summary judgment are denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 18, 2016